See also 763 F.Supp. 1473.

**AMERICAN COMPUTER TRUST
LEASING, Plaintiff,**

**v.**

**JACK FARRELL IMPLEMENT CO., et
al., Defendants.**

**AMERICAN COMPUTER TRUST
LEASING, Plaintiff,**

**v.**

**BOERBOOM INTERNATIONAL, INC.,
et al., Defendants.**

**Civ. Nos. 4–89–199, 4–89–261.**

United States District Court,
D. Minnesota,
Fourth Division.

April 8, 1991.

Craig D. Diviney, J. Thomas Vitt, Margaret M. Zverinova, and Dorsey & Whitney, Minneapolis, Minn., for plaintiff and Automatic Data Processing, Inc.

James R. Anderson, Marshall, Minn., for defendants Boerboom and Farrell.

John Q. McShane, Mary E. Bolcom, Lezlie Ott Marek, and Bowman and Brooke, Minneapolis, Minn., for Navistar Intern. Transp. Corp.

Bradley G. Clary, and Oppenheimer, Wolff & Donnelly, St. Paul, Minn., and Robert A. DuPuy, John F. Hovel, and Foley & Lardner, Milwaukee, Wis., for J.I. Case Co.

## ORDER

DOTY, District Judge.

This matter is before the court on the appeal of plaintiff American Computer Trust Leasing and third-party defendants Automatic Data Processing, Inc., Navistar International Corporation (International Harvester) and J.I. Case Co. from an order of United States Magistrate Judge Floyd E. Boline, dated October 25, 1990. Based on a review of the file and record herein, the motion to set aside the October 25, 1990 order is granted.

## BACKGROUND

On October 26, 1989, this court entered a protective order that had been stipulated to by all the parties in this case. A crucial provision of that order provides:

Confidential information shall be used for the purpose of this litigation and for no other purpose.

Defendants Boerboom and Farrell subsequently requested the names and addresses of all ADP clients who were International Harvester or J.I. Case dealers. For example, in a November 22, 1989, interrogatory the defendants asked ADP to list the names and addresses of all IH or Case dealers that have ADP equipment and to list the amount of royalties paid to IH or Case for each dealer. ADP provided defendants with the client names and the available royalty information on February 20, 1989. ADP invoked the protection of the October 26, 1989 protective order by designating all of its client information as confidential; Boerboom and Farrell did not object to that designation.

The defendants' attorney, James R. Anderson (Anderson), then requested that ADP provide him with the addresses of those dealer-clients. Anderson informed ADP that he intended to contact all of those dealers who presently or formerly had an ADP system but provided no explanation for this contact. ADP objected to the proposed contact on various grounds.

The defendants moved the court for permission to contact the dealers. They offered several reasons to justify the communication. Those justifications related to Boerboom and Farrell's alleged need for information about other dealers' experience with ADP computer systems, ostensibly to aid them in the prosecution of this lawsuit. Specifically, they urged that such contact was needed "for purposes of determining the other dealers' experience with the ADP system, the knowledge or lack of knowledge that these dealers might have as to the 'royalty' payments from ADP to Navistar or Case, and the activation or lack thereof of the doomsday device."

Based on defendants' representations, the magistrate judge permitted the defendants' attorney to conduct a survey of ADP dealer-clients on a very limited basis to obtain information that might be relevant to this litigation. The order provided that the motion was granted under the following conditions:

1. Contact with the dealers shall only be made by letter.

2. The dealers shall not be solicited as potential class members.

3. Defendants Boerboom International and Jack Farrell shall prepare a draft letter and submit it to opposing counsel for approval before mailing.

4. If the parties cannot agree on the text of a draft letter, the parties shall each submit their own proposed draft letter to the Court, and the Court will decide on an improved text.

Thus, the defendants' counsel was allowed to contact ADP's clients for the purpose of gathering discovery for this case. The magistrate judge limited Anderson to written contact either agreed to by the parties or approved by the court. Moreover, he expressly forbade solicitation of the dealers.

On August 27, 1990, Anderson notified counsel for the other parties of his intention to solicit legal business from 77 of ADP's dealer-clients and provided counsel with a draft solicitation letter. ADP, Case and Navistar all objected and filed motions before the magistrate judge seeking to preclude distribution of the letter.

On October 25, 1990, Magistrate Judge Boline entered the order at issue here. The order denied Anderson's request to send out the proposed solicitation letter. The order, however, permitted Anderson to contact those dealers and the magistrate judge approved two revised versions of the solicitation letter, one to be sent to those dealers that expressly asked to join the present lawsuit and one for the remainder of the 77 dealers. The provisions of the October 29, 1990 order at issue are:

2. Counsel for Farrell and Boerboom may advise those J.I. Case and/or Navistar dealers who have previously asked to join the present litigation on the subject of how those dealers may do so. Counsel for Farrell and Boerboom may also comment to those dealers upon their right to seek counsel of their choice, including Mr. Anderson, if they wish.

3. Counsel for Boerboom and Farrell may advise the remaining dealers (i.e. those of the 77 dealers identified by Mr. Anderson who have not previously asked to join the existing litigation) as to the existence of potential statute of limitations issues regarding any claims they may have. Counsel for Farrell and Boer-

boom may also advise those dealers of their right to consult counsel of their choice regarding any claims, but may not expressly solicit the handling of any claims himself.

ADP, Case and Navistar now appeal the order.

## DISCUSSION

■ A district court may modify or set aside any portion of a magistrate judge's order found to be clearly erroneous in fact or contrary to law. Fed.R.Civ.P. 72(a). Anderson makes two arguments to support the order granting his request for further communication with ADP dealer-clients. He first contends that he has a first amendment right to directly solicit dealers under *Shapero v. Kentucky Bar Ass'n*, 486 U.S. 466, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988). He further contends that the information provided by ADP is neither protected nor confidential because he could have obtained the names and addresses of the dealers from any dealer association. Thus, he argues that further contact would not constitute an abuse of the court's discovery process.

■ In *Shapero* the Supreme Court held, under the first and fourteenth amendments, that a state may not categorically prohibit targeted direct-mail solicitation by lawyers for pecuniary gain, without a particularized finding that the solicitation is false or misleading. *Id.* at 471, 108 S.Ct. at 1920. *Shapero*, however, is distinguishable from the present case. The *Shapero* attorney located his potential clients through public records. In the present case, Anderson received the names and addresses of ADP's dealer-clients through civil discovery, after he represented to the magistrate judge that his purpose for contacting those dealers was to gain information to help prosecute the claims of the defendants in the present lawsuit. Moreover, ADP designated its client list as confidential under the term of this court's protective order, the terms of which had been agreed to by Anderson.[1] In *Shapero*

---

1. Moreover, at least four members of the *Shapero* Court acknowledged that a solicitation which is not false or misleading might still be overreaching and thus unworthy of first amendment

no claim was made that the attorney had identified potential clients through some improper means or by exploiting the discovery process.[2]

In *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), the Supreme Court made clear that a litigant has no first amendment right of access to information which had been made available only for the purpose of trying his lawsuit. *Id.* at 32, 104 S.Ct. at 2207. In that case, the Seattle Times sought to disseminate information gained pursuant to court-ordered discovery. The Supreme Court upheld the terms of a protective order, issued pursuant to a state analog to Federal Rule of Civil Procedure 26, which restricted the dissemination of the discovered information. The Court reasoned that the government has a substantial interest in preventing abuse of the discovery process through public release of private information. *Id.* at 35, 104 S.Ct. at 2208.

The governmental interest in preventing a lawyer from using court-ordered discovery to solicit business is even stronger than the interest implicated in the *Seattle Times* case. The *Seattle Times* case implicated the core values of the first amendment: the newspaper sought to publish information in the newspaper that it had determined would be of general public interest. By contrast, Anderson is asserting a first amendment right to advertise his services to potential clients for his own pecuniary gain. Thus, the first amendment provides no justification for Anderson's solicitation of ADP's dealer-clients.

Anderson also argues that the identity of the client-dealers is not confidential or protected because he contends that he could have obtained the names and addresses from any dealer association. What Anderson could have done and what Anderson actually did are two different stories. Anderson specifically represented that contact with the dealer-clients was needed "for purposes of determining the other dealers' experience with the ADP system, the knowledge or lack of knowledge that these dealers might have as to the 'royalty' payments from ADP to Navistar or Case, and the activation or lack thereof of the doomsday device." Based on those representations, the magistrate judge's order of April 23, 1990, provided that "the dealers shall not be solicited as potential class members."[3] Anderson's contact was permitted based on his representations that it was for purposes of gathering discovery for this case. The Supreme Court has noted that the sole purpose of civil discovery is to assist in the preparation and trial of disputes. *Seattle Times,* 467 U.S. at 34, 104 S.Ct. at 2208. Anderson now seeks to use this information to solicit business, contrary to his prior representations to the court. Moreover, he did not object when ADP designated the dealer-client lists as confidential under the terms of the protective order to which the parties stipulated and which expressly provides that "confidential information" can be used "for the purpose of this litigation and for no other purpose." Despite his failure to object to the designation of the client lists as confidential, Anderson now contends that the lists are not confidential

protection. *See id.* at 478, 108 S.Ct. at 1924. Case contends that overreaching exists in the present lawsuit. It argues that an attorney overreaches when he exploits information obtained through court-ordered discovery to identify potential clients for additional litigation. It argues that this is particularly true where, as here, the attorney received the information only after representing that he needed the information to assist his clients "in this case."

2. Interpreting the *Shapero* case, the Court of Appeals for the District of Columbia noted that *Shapero* only protects a lawyer's first amendment right to engage in solicitation activities free from governmental interference. *Ukrain-*

*ian–American Bar Ass'n, Inc. v. Baker,* 893 F.2d 1374, 1381 (D.C.Cir.1990). The court further noted that the *Shapero* case does not establish "an affirmative right to the government's assistance in identifying and furnishing information to potential clients. Nor [does it] allow that attorneys have any right in the First Amendment that is not the common legacy of every citizen." *Id.* Similarly, Anderson has no right to governmental assistance through the discovery process to identify and furnish information to potential clients.

3. At the time of the April 23, 1990, order, the defendants were still seeking class certification, which the court has subsequently denied.

because he could have obtained the information from other sources. This contention is questionable because Anderson's requested contact reflects his desire to contact only certain dealers who responded to his survey by indicating that they were interested in joining this lawsuit. The identity of those dealers who are interested in joining this lawsuit was not available from other sources, but rather was obtained through a survey ordered by the court to help prosecute the present defendants' lawsuit. Anderson does not have a good faith basis for mailing a solicitation letter to every dealer-client and he admits that there are only certain dealers to whom a letter should be sent, basing this conclusion again on the results of the survey questionnaires.[4]

■ Anderson's proposed use of the client lists also violates the terms of the protective order. Anderson agreed in advance not to use ADP's confidential information for any purpose other than the prosecution of this lawsuit. It is undisputed that Anderson obtained the information regarding client identity through civil discovery. Although Anderson may have been able to obtain some of this information from other sources, Anderson had no right to receive this information from ADP absent the right granted by the court to conduct discovery in this lawsuit. Moreover, ADP, Navistar and Case assert that they would not have voluntarily provided Anderson with a list of the dealer-clients. But for the civil discovery process, Anderson would not know the identity of the dealer-clients through these sources. Because Anderson agreed in advance that the client list would be used only to prosecute this lawsuit and because his proposed conduct is based on the results of the survey ordered by the court, his argument that he could have obtained the information from some other source is not persuasive.

The order of October 25, 1990, also specifically permits Anderson to solicit clients to join as plaintiffs in this litigation. The court, in an order dated April 5, 1991,

granted Navistar and Case's motion for summary judgment and neither remains a party to this lawsuit. The court also granted ADP and ACTL's motions for summary judgment and as a result, the only issue which remains in this case is the defendants' breach of contract and express warranty claims against ADP. The defendants have little to gain if more claimants were added at this point and such additions at this late stage would prejudice ADP. As previously noted, the court has already denied the defendants' request for class certification. Adding new parties may inject new issues at this late date. Additional discovery would be necessary because each dealer's experiences with the ADP computer system would have to be explored individually. Furthermore, any potential damages suffered by individual dealers would be the subject of separate discovery, expert evaluation and testimony. *See Izaak Walton League v. St. Clair*, 497 F.2d 849, 859 (8th Cir.1974) (upholding refusal to amend a pleading to add fraud claims because the amendment would add new issues and require extensive preparation and further discovery thus delaying a quick resolution of the case).

Based on the foregoing, Anderson is bound by his representations and also by the terms of the stipulated protective order. Thus, he may not solicit other dealers on the basis of information he received as a result of discovery in the present case. Accordingly, IT IS HEREBY ORDERED that:

1. The portions of the magistrate judge's order of October 25, 1990 objected to by the plaintiff and third-party defendants are set aside as clearly erroneous and contrary to law; and

2. Counsel for Farrell and Boerboom is directed not to correspond with dealers to solicit new litigation.

---

**4.** The order of October 25, 1990, also distinguishes dealers on the basis of the results of that discovery questionnaire. Magistrate Judge Boline distinguishes between those dealers who

previously asked to join the present litigation and those who have not previously asked to join.